I respectfully dissent.
To condone the phrase "negligence in the slightest degree" or "the slightest bit of negligence" is to create a new rule of tort law to the effect that simple negligence comes in two varieties: 1) simple negligence — the same variety with which the defendant is charged; and 2) a lesser degree of negligence, when applied to the defense of contributory negligence, known as "slightest degree or slightest bit." Apparently, this opinion takes the most recently enacted so-called "tort reform act," which abolishes the "scintilla of evidence" rule, and, through the magical application of the "error without injury" doctrine, transforms it so as to create a "scintilla of negligence" rule (to be applied, of course, only in the context of contributory negligence).
Would anyone seriously argue that a plaintiff, in a non-contributory negligence context, is entitled to a charge that he need only meet the burden of proving that his injuries were the proximate result of a defendant'sslightest degree of negligence? A defendant is either found guilty of "simple negligence," as that term is defined, or else a plaintiff fails to prove his case. Under a contributory negligence defense, a plaintiff is either guilty of negligence that proximately contributes to cause his injury, or else a defendant (assuming his primary negligence) fails to prove his defense. There are no degrees of simple negligence known to the law of torts. A little bit of simple negligence is as oxymoronic as being a little bit pregnant.
Consider the peculiar context in which the trial court was asked to explain the difference between contributory and comparative negligence, and then suppose the trial court had instructed the jury to the effect that the plaintiff's negligence, if any, which proximately contributed, in whatever degree, to his own injury, would be a complete defense. In that event, I would agree that this would be a more difficult problem. (To be sure, this, essentially, is the appellee's argument in this case.) The problem here, however, is that the specific charge objected to speaks of "the slightest bit of contributory negligence" and not of "the plaintiff's intestate's negligence which proximately contributed, in the slightest degree, to his injuries and resulting death."
I consider the error so serious that it cannot be dismissed as "error without injury."
ALMON and SHORES, JJ., concur.